**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**TOMMIE JO BLACKMON**                                                 **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 5:15-CV-33-KS-MTP**

**ECONOMY PREMIER ASSURANCE COMPANY**                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Economy Premier Assurance Company's Motion *In Limine* [66]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion should be granted in part and denied in part.

**I.  BACKGROUND**

This action centers around a car accident occurring on February 2, 2014. Plaintiff Tommie Jo Blackmon ("Plaintiff") was riding as a passenger in an automobile owned by her and ensured by Defendant Economy Premier Assurance Company ("Defendant"). The car was driven by Jenny Netterville, Plaintiff's daughter and a named insured under the Plaintiff's automobile insurance policy with Defendant. Liability is not contested in this case. The only issues in dispute are Plaintiff's damages.

Defendant filed its Motion *In Limine* [66] on July 7, 2016, asking that the Court to exclude the existence of insurance coverage and its presence as a party from the case and to enforce its previous Order [63] precluding Plaintiff's treating physicians from giving expert testimony. Plaintiff's submitted her response on July 12, 2016, and the Court is now ready to rule.

**II.  DISCUSSION**

Plaintiff has conceded that the testimony of her treating physicians at trial will be limited to factual testimony as required by the Court's previous Order [63]. The Court will therefore **grant**

Defendant's motion as to this issue in light of this concession. Plaintiff does, however, contest the exclusion of the existence of insurance coverage and the hiding of Defendant's presence as a party at trial.

Defendant's argument for relies on Federal Rule of Evidence 411. Rule 411 states that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully," but explicitly allows evidence of insurance to be introduced to show "bias or prejudice or prov[e] agency, ownership, or control." Fed. R. Evid. 411. Because it is an insurance company, Defendant asks the Court to exclude evidence that it provided automobile coverage to Plaintiff and to hide its presence at trial on the basis of this rule.

Putting aside the practical difficulty in hiding the presence of the only defendant at trial, Defendant misconstrues the applicability of Rule 411. As the Practice Comment for the rule states, "Rule 411 excludes evidence that a person was (or was not) insured against liability insofar as it would be used to indicate his proclivity (or lack of proclivity) to rely on insurance and relax his care or otherwise act wrongfully." Fed. R. Evid. 411 practice comment. This rule is applicable to instances where a party is attempting to introduce evidence that an opposing party is or is not insured in order to prove that party's negligence or wrongdoing. It is not applicable in disputes between the insured and the insurer where the insurance coverage itself is in dispute. Rule 411 does not, then, support the exclusion of existence of insurance coverage or the presence of Defendant as a party.

Defendant further argues its position is supported by the Mississippi Supreme Court's decision in *Heflin v. Merrill*, 154 So.3d 857 (Miss. 2014), where the fact that the motorist defendant was insured and that the insurer was a named party of the case was found to be properly excluded under the Mississippi Rules of Evidence. Even if this decision were binding on a federal court

2

determining the applicability of the Federal Rules of Evidence, it does not apply in this case. In *Heflin*, the insurer, Nationwide, was not the only named defendant in the case, and the Mississippi Supreme Court held that the fact that Nationwide insured the defendant motorist was not admissible because Nationwide's role was irrelevant and allowing the jury to know of the role would have been tantamount to "allowing the plaintiff to use insurance to prove the defendant's negligence." *Heflin*, 154 So.3d at 861. There are no similar concerns here. First, the Court fails to see how the identity of the sole party defending Plaintiff's claims would not be relevant to a jury's understanding of the case. Furthermore, the fact that Defendant is an insurance company is not being used to prove the negligence of another party. Therefore, the Court does not find that *Heflin* applies in this case.

Because neither Rule 411 nor *Heflin* require the exclusion of the fact that Defendant provided insurance coverage to Plaintiff or the fact that Defendant is a party in this case, the Court will **deny** Defendant's motion with respect to this issue.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion *In Limine* [66] is **granted in part** and **denied in part**. It is **granted** in that Plaintiff has conceded that she will limit the testimony of her treating physicians to factual testimony as required by the Court's previous Order [63]. It is **denied** in that the fact that the Defendant is an insurance company who has provided automobile coverage to Plaintiff will not be excluded.

SO ORDERED AND ADJUDGED this the 18th day of July, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE